# EXHIBIT "A"



# MUTUAL NONDISCLOSURE AGREEMENT

*Evolution Productions* This Agreement is made as of this *6* day of *February* 200*6* by and between *Andrew Moore /* (the "the individual"), and KRYOGENIFEX, a _____Florida_____ corporation (together with its affiliates, "KRYOGENIFEX").

## RECITALS:

WHEREAS, THE COMPANY and KRYOGENIFEX wish to exchange certain information of a confidential or proprietary nature concerning Kryogenifex®, kryo® systems, kryo® for kitchens, products, research/development, installs and any other developments involved with Kryogenifex®.

WHEREAS, for the purposes set forth herein, either THE COMPANY or KRYOGENIFEX ("Discloser") may disclose, from time to time, such confidential or proprietary information to the other party hereto ("Disclosee") on a confidential basis; and

WHEREAS, as a condition to such disclosure, Disclosee agrees to treat such information concerning Discloser in accordance with the terms and provisions of this Agreement and to take or abstain from taking certain actions set forth in this Agreement;

NOW, THEREFORE, in consideration of the foregoing premises and the following promises and covenants and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT:

1.    Accuracy of Recitals. Each of the parties hereto acknowledges that the foregoing recitals are true and correct.

2.    Representatives. "Representatives," as used herein, means a party's officers, directors, employees, attorneys, accountants, consultants, financial advisors, lenders and other advisors and agents who are assisting such party in connection with a possible transaction between THE COMPANY and KRYOGENIFEX

3.    Confidential Information. "Confidential Information," as used herein, means any information or material concerning Discloser which on or after the date hereof is furnished under this Agreement by Discloser to, and is accepted by, Disclosee or its Representatives in connection with a possible transaction between INDIVIDUAL and KRYOGENIFEX The term "Confidential Information" includes all notes, analyses, compilations, studies, interpretations or other materials prepared by Disclosee or its Representatives to the extent they contain or are based on the information furnished to Disclosee or its Representatives pursuant to this Agreement. The term "Confidential Information" does not include information which (a) is already in Disclosee's possession at the time of its disclosure by Discloser to Disclosee as shown by Disclosee's files and records; (b) is now or hereafter becomes generally known or available to the public other than as a result of a disclosure by Disclosee or its Representatives in violation of this Agreement; (c) becomes available to Disclosee on a nonconfidential basis from a source other than Discloser or any of its Representatives unless (i) Disclosee knows that such source is a party to a confidentiality agreement with Discloser or is subject to a legal or fiduciary obligation of confidentiality to Discloser, (ii) such information is subject to such agreement or obligation, and (iii) Disclosee knows that such source's disclosure of such information to Disclosee constitutes a breach of such source's confidentiality agreement with, or such source's legal or fiduciary obligation of confidentiality to, Discloser; (d) is independently developed by Disclosee without the use of any Confidential Information; (e) is furnished by Discloser to others not in a confidential relationship with Discloser without restrictions similar to or stricter than those herein on the right of the receiving party to use or disclose the Confidential Information; or (f) is received by Disclosee after written notification to, and receipt of such notification by Discloser, that Disclosee will not accept any further confidential information. This Agreement and each party's responsibility to protect Confidential Information expires ten (10) years from the date of receipt of Confidential Information. KRYOGENIFEX has a registered trademark on "KRYO" and KRYOGENIFEX. When referring to any cryogenic special effects produced by the "system" it must be referred to as Kryo®, and /or Kryo® SYSTEM and manufactured by KRYOGENIFEX with the trademark attached.

party's responsibility to protect Confidential Information expires five (10) years from the date of receipt of Confidential Information.

4.      Nondisclosure of Confidential Information. Disclosee agrees that (a) it and its Representatives shall use the Confidential Information solely for the purpose of evaluating a possible transaction between THE COMPANY and KRYOGENIFEX; (b) Disclosee will maintain the confidentiality of the Confidential Information; and (c) Disclosee will not disclose any of the Confidential Information to any person(s) other than to Disclosee's Representatives who have a reasonable need to know such information for the purpose of evaluating a possible transaction with Discloser and who are first informed by Disclosee of the confidential nature of the Confidential Information and provided with a copy of this Agreement and agree to be bound by the terms of this Agreement as if they were parties hereto. Disclosee agrees to use reasonable efforts (including, without limitation, litigation if such litigation would be part of such reasonable efforts) to cause its Representatives to treat Confidential Information furnished by or on behalf of Discloser in accordance with this Agreement and shall be responsible for any breach of this Agreement by its Representatives. This Agreement pertains to Confidential Information described in Paragraph 3 that is disclosed between the effective date of this Agreement and one (1) year thereafter.

5.      Non-Competition and Non-Solicitation. The parties  agree that during this Agreement and for a period of three (5) years subsequent to any termination of this Agreement, whether voluntary or involuntary, the parties will not: (a) interfere with, disrupt, or attempt to disrupt any past, present or prospective relationships, contractual or otherwise, between the other party to this Agreement and any client or supplier of the other party or (b) solicit any employee or agent of the other party or the other party's suppliers, as the case may be. The parties agree and acknowledge that a violation of this covenant would cause irreparable injury to the other party and that the remedy at law for any violation or threatened violation thereof would be inadequate and that the aggrieved party shall be entitled to temporary and permanent injunctive relief or other equitable relief without the necessity of proving actual damages.

6.      Nondisclosure of Possible Transaction. Each party agrees that it and its Representatives, without the prior written consent of the other party, will not disclose to any person (other than to a person to whom such disclosure is authorized hereunder) the fact that Confidential Information has been made available to such party, conditions or other facts with respect to such discussions or negotiations (including the status thereof), unless in the written opinion of counsel such disclosure is required by law and then only with as much prior notice to the other party as is practical under the circumstances. The fact that a business relationship exists between the parties shall not be deemed confidential nor shall the aforementioned consent be unreasonably withheld. The term "person" as used in this Agreement shall be broadly interpreted to include the media and any corporation, partnership, limited liability company, group, individual or other entity.

7.      Protection of Confidential Information. In the event that Disclosee or any of its Representatives are requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to disclose any of the Confidential Information, Disclosee shall provide Discloser with prompt written notice of any such request or requirement so that Discloser may have an opportunity to seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver from Discloser, Disclosee or any of its Representatives are nonetheless in the written opinion of counsel legally compelled to disclose Confidential Information to any tribunal or else stand liable for contempt or suffer other censure or penalty, Disclosee or its Representatives may, without liability hereunder, disclose to such tribunal only that portion of the Confidential Information which counsel advises Disclosee it is legally required to disclose.

8.      Return of Confidential Information. If either party decides that it does not wish to proceed with a possible transaction with the other party, then such party will promptly inform the other party of that decision. In that case, or at any time upon the request of Discloser for any reason, Disclosee will promptly deliver to Discloser all Confidential Information (and all copies thereof) furnished to Disclosee or its Representatives and then possessed by Disclosee or its Representatives. In the event of such a decision or request, all other Confidential Information prepared by Disclosee or its Representatives and then possessed by Disclosee or its Representatives shall be destroyed and no copy thereof shall be retained. Notwithstanding the return or destruction of the Confidential Information, Disclosee and its Representatives will continue to be bound by their obligations of confidentiality and other obligations hereunder.

9.      Irreparable Injury; Equitable Relief. The parties hereto acknowledge and agree that any unauthorized disclosure or use by Disclosee or any of its Representatives (or any other person or entity) of any Confidential Information, or any other breach by Disclosee hereunder, will result in irreparable injury to Discloser and that Discloser shall be entitled to equitable relief, including injunction and specific performance, as a remedy for any such breach. Such remedies shall not

2

Revised 2/21/2001

be deemed to be the exclusive remedies for a breach by Disclosee of this Agreement but shall be in addition to all other remedies available at law or equity to Discloser.

10. Accuracy of Confidential Information. Although Discloser shall endeavor to include in the Confidential Information, information which Discloser believes to be relevant for the purpose of Disclosee's evaluation of a possible transaction between the parties hereto, Disclosee acknowledges and understands that, except as agreed to in writing, neither Discloser nor any of its Representatives make any representation or warranty as to the accuracy or completeness of the Confidential Information. Disclosee agrees that neither Discloser nor any of its Representatives shall have any liability to Disclosee or to any of its Representatives resulting from their use of the Confidential Information except as agreed to in writing or as imposed by law.

11. No Obligation. The parties agree that unless and until a definitive agreement regarding a transaction between the parties has been executed, neither party will be under any legal obligation of any kind whatsoever with respect to such a transaction by virtue of this Agreement except for the rights and obligations specifically agreed to herein. The parties further acknowledge and agree that each party reserves the right, in its sole discretion, to terminate discussions and negotiations with the other party at any time and for any reason or no reason.

12. Miscellaneous.

(a) No Other Parties to Benefit. This Agreement is made for the sole benefit of THE COMPANY and KRYOGENIFEX, and no other person or entity is intended to or shall have any rights or benefits hereunder, whether as a third party beneficiary or otherwise. Neither party may assign or transfer any of its rights or obligations under this Agreement without the prior written consent of the other party.

(b) Governing Law. The parties hereto acknowledge that this Agreement is executed and delivered in the State of Florida and agree that the laws of the State of Florida shall govern its interpretation and enforcement, and that any legal action arising out of or in connection with this Agreement or any breach hereof shall be brought and prosecuted in an appropriate court of competent jurisdiction within the Dade County in the State of Florida.

(c) Modification and Waiver. No provision of this Agreement shall be amended, waived or modified except by an instrument in writing signed by the parties hereto.

(d) Severability and Integration. Inapplicability or unenforceability of any provision of this Agreement shall not limit or impair the operation or validity of any other provision hereof. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior or contemporaneous discussions, representations or agreements, whether written or oral.

(e) Litigation and Attorneys' Fees. In the event litigation arises in connection with enforcement of any provision of this Agreement, the prevailing party in such litigation shall be entitled to recover its attorneys' fees and expenses, in addition to any other relief to which it may be deemed entitled.

(f) Counterparts. This Agreement may be executed in counterparts, each of which shall be enforceable as an original, but which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date first set forth above.

THE COMPANY:

By:

Print Name: ALDREW MOORE

Print Title: EVOLUTION PRODUCTIONS

KRYOGENIFEX, Inc.

By:

Print Name Alejandro Gonzalez

Print Title: President

Revised 2/21/2001

3